UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED F. ORELLANA, | No. 2:14-cv-2282 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2    The court is required to screen complaints brought by prisoners seeking relief against a
3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
9    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13   Cir. 1989); Franklin, 745 F.2d at 1227.

14   In order to avoid dismissal for failure to state a claim a complaint must contain more than
15   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
16   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
17   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
18   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
19   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
20   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
21   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
22   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
23   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
24   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
25   U.S. 232, 236 (1974).

26   Here, plaintiff alleges – and records attached to the complaint indicate – that on
27   September 16, 2013, while driving plaintiff to an ophthalmology appointment, defendant
28   Correctional Officer Mays "observed a small boy carrying a skateboard, crossing into our lane"

1  and applied the brakes, bringing the van to an abrupt stop "to avoid hitting the child." (ECF No.
2  1 at 20.)  Plaintiff was thrown to the floor of the van, hurting his head, neck, shoulder, and hip.
3  (Id. at 3.)  Plaintiff alleges that Mays and defendant Sergeant Millard were "negligent by not
4  driving a van that had seat belts." (Id.)  Records attached to the complaint indicate that, when
5  they arrived at the clinic "a few blocks away," Mays asked plaintiff if he was okay, and plaintiff
6  reported pain and felt "lightheaded and dizzy" but was able to walk to the appointment without
7  help. (Id. at 14-15.)  At the end of the appointment, Mays again asked plaintiff if he was okay
8  and plaintiff said he was fine. (Id.)  When he returned to prison that evening, plaintiff was
9  evaluated by medical staff and had no discernible injuries, though he reported being in pain. (Id.
10 at 20-21.)

11  A claim under § 1983 is available to redress violations of federal statutory and
12  constitutional law.  Maine v. Thiboutot, 448 U.S. 1, 4 (1980).  The Eighth Amendment's
13  prohibition on cruel and unusual punishment imposes on prison officials, among other things, a
14  duty to "take reasonable measures to guarantee the safety of the inmates."  Farmer v. Brennan,
15  511 U.S. 825, 832 (1991).  To properly allege an Eighth Amendment claim for failure to protect,
16  the inmate must assert that he was incarcerated under conditions posing a "substantial risk of
17  serious harm," and that a prison official displayed "deliberate indifference" to that risk.  Id. at
18  834.  A prison official displays deliberate indifference when he is "both aware of facts from
19  which the inference could be drawn that a substantial risk of serious harm exists, and he must also
20  draw the inference." Id. at 837.  A showing of mere negligence is not enough to establish a
21  constitutional violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998).

22  Here, plaintiff does not allege a violation of constitutional or federal law.  Plaintiff's
23  allegations that defendants acted "negligently" is not enough to state a claim under § 1983.  As to
24  an Eighth Amendment claim of deliberate indifference, plaintiff fails to allege that any defendant
25  was aware that plaintiff was at a substantial risk of harm and actually drew that inference.  Rather,
26  construing the complaint in the light most favorable to plaintiff, it appears that he was harmed due
27  to an unforeseeable occurrence and received adequate medical attention afterward.
28  /////

As it fails to state a cognizable claim, the complaint will be dismissed. However, plaintiff will be granted one opportunity to amend the complaint to state a claim. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If plaintiff chooses to amend the complaint, he should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

In an amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In an amended complaint, he should set forth a "short and plain statement" of his claim and any related claims against the appropriate defendants.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed; and

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

////

////

1  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
2  two copies of the amended complaint; failure to file an amended complaint in accordance with
3  this order will result in dismissal of this action.

4  Dated: October 27, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11  2 /orel2282.14.new